IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-60574
_____


ANNIE B. WHITE,

Plaintiff-Appellant,

versus

JOHN J. CALLAHAN, Acting
Commissioner of Social Security,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Southern District of Mississippi
(3:95-CV 739-WS)
_____

September 12, 1997

Before JOLLY, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Annie White appeals from the district court's order adopting
the magistrate judge's report and recommendation and upholding the
Commissioner's denial of Social Security disability benefits.  We
hold that the record, as a whole, contains substantial evidence
supporting the findings of the administrative law judge (the

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4

"ALJ"), and that the ALJ applied the proper legal standards. Accordingly, we affirm.

Annie White sought Disability Insurance Benefits and Supplemental Security Income under the Social Security Act in November 1991, initially alleging that she had not worked since 1988.[1]  After conducting an administrative hearing, the ALJ denied White's claim on January 27, 1995.  The ALJ found that White's subjective complaints of pain were not credible and that she could perform her past relevant work, thus, rendering her outside the statutory definition of "disabled."  The Appeals Council denied White's request for review and she later filed suit in district court seeking judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).  The magistrate judge, in his report and recommendation filed June 10, 1996, recommended that the district court affirm the Commissioner's decision.  The district court did so on June 28, 1996.  This appeal followed.

## II

On appeal, White argues that the ALJ erred by finding that she could perform her past work and by discounting her testimony concerning her subjective pain.  White further maintains that the ALJ violated this circuit's case law by basing findings of fact upon personal observations of White.  Finally, White argues that

---

[1]At the administrative hearing, White amended her onset date to July 1991.

the ALJ's findings are contrary to the vocational expert's testimony.

### III

Our review of the Commissioner's decision is limited in scope to determining whether substantial evidence supports the decision and whether the correct legal standards were applied. Ripley v. Chater, 67 F.3d 552, 555 (5th Cir. 1995). "Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance." Id. (citing Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994), cert. denied, ___ U.S. ___, 115 S.Ct. 1984, 131 L.Ed.2d 871 (1995); Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)). The Commissioner's factual findings which are supported by substantial evidence are deemed conclusive. 42 U.S.C. § 402(g). This court may not retry the issue of disability de novo, nor may we reweigh the evidence or substitute our judgment for that of the Commissioner. Id.; Ripley, 67 F.3d at 555.

The Commissioner engages in a five-step inquiry when determining questions of disability:

> (1) whether the claimant is presently engaging in substantial gainful activity;
> (2) whether the claimant has a severe impairment;

4

(3) whether the impairment is listed, or equivalent to an impairment listed in appendix 1 of the regulation;
(4) whether the impairment prevents the claimant from doing past relevant work; and
(5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

Leggett v. Chater, 67 F.3d 558, 564 n.2 (5th Cir. 1995); 20 C.F.R. §§ 404.1520, 416.920. White met her burden with respect to the first enumerated factors, but failed to adequately demonstrate to the ALJ that she could no longer engage in her past relevant work. The ALJ partly based his decision in this matter on his finding that White's subjective complaints of pain were not credible.

An ALJ may discount subjective complaints of pain only after weighing "the objective medical evidence and assigning articulated reasons for discrediting" the complaints. Anderson v. Sullivan, 887 F.2d 630, 633 (5th Cir. 1989). To prove a pain-induced disability, a claimant must demonstrate a "medically determinable impairment that is capable of producing disabling pain." Ripley, 67 F.3d at 556; 20 C.F.R. § 404.1529. Once the claimant establishes such an impairment, the ALJ must consider the subjective complaints of pain, along with the medical evidence in determining the individual's working ability. Ripley, 67 F.3d at 556; 20 C.F.R. § 404.1529. Standing alone, pain is not considered a disability unless it is "constant, unremitting, and wholly unresponsive to therapeutic treatment." Selders v. Sullivan, 914 F.2d 614, 618-19 (5th Cir. 1990).

5

The ALJ articulated in his opinion specific reasons for refusing to grant credence to White's subjective complaints of pain:

> Considering the claimant's residual functional capacity and reaching a decision herein, the Administrative Law Judge has evaluated the claimant's subjective complaints under Social Security ruling 88-13. While the claimant alleges shortness of breath and does have a history of asthma, she is not taking medications for asthma. She did not allege that dust, fumes, gasses or other pulmonary irritants make her short of breath. Although she alleges pain and limited motion, she is not taking strong pain medications and x-rays do not show evidence of arthritic limitation. Although she alleges a heart problem, EKG's have been interpreted at normal. The Administrative Law Judge has considered the location, intensity, duration and frequency of the subjective complaints, the amount of medication that the claimant takes, the amount of medical treatment that she has, treatment other than medication, her daily activities, and the absence of side effects from medication which the claimant specifically acknowledged. After a complete and thorough evaluation, it is found that the claimant's subjective complaints are not credible.

ALJ op. at 5; R. at 16. With these specific factual findings, along with the vocational expert's testimony that White could return to her past relevant work, we hold that substantial evidence supports the Commissioner's decision to deny White her claim for benefits.[2] Should White develop more serious limitations, she is

---

[2]White also argues that the ALJ erred by basing findings of fact and credibility determinations upon personal observations of White--the so-called "sit and squirm" index. The Fifth Circuit has held, however, that it is not reversible error for an ALJ to consider demeanor as one of several factors in evaluating a

not barred by this opinion from filing a successive claim for disability benefits.

For the foregoing reasons, we AFFIRM the district court's decision.

A F F I R M E D.

---

claimant's credibility.  <u>Villa v. Sullivan</u>, 895 F.2d 1019, 1024 (5th Cir. 1990).  Furthermore, there is no evidence before the court that the ALJ discounted White's subjective complaints of pain due to her demeanor before him in the hearing.  This argument is without merit.